**AFFIRMED; Opinion Filed December 6, 2019**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-19-00214-CV**

**SAN SABA PECAN, LP, Appellant**
**V.**
**GIVE AND GO PREPARED FOODS CORP, Appellee**

**On Appeal from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-17-13535**

## MEMORANDUM OPINION

Before Justices Whitehill, Schenck, and Osborne
Opinion by Justice Schenck

San Saba Pecan, LP ("San Saba") appeals the trial court's denial of its motion to compel

arbitration. For the reasons discussed below, we affirm the trial court's order. Because all issues

are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

### BACKGROUND

San Saba is a family-owned business that grows, processes, and sells pecans with its

principal operations in San Saba, Texas. Appellee Give and Go Prepared Foods Corp. ("Give &

Go") is a Canadian manufacturer of bakery goods supplied to retailers. For several years, Give &

Go sourced pecan halves and small pieces from San Saba without major incident. In October

2016, Give & Go issued purchase orders to San Saba for a total of 672 cases of pecan pieces to be

shipped between October 2016 and February 2017. In December 2016, San Saba issued invoices,

which had several conditions printed on the back, including Condition 11, which contained a provision to arbitrate certain disputes, claims or controversies as detailed below.

San Saba shipped the ordered pecan pieces between October 2016 and February 2017, and during this time, Give & Go incorporated the pecan pieces into a variety of finished consumer products. During January 2017, Give & Go discovered weevil larvae in two lots of pecan pieces from San Saba. As a result, Give & Go put a hold on the remaining cases of pecan pieces from San Saba and disposed of all finished product in stock involving the implicated lot numbers. However, upon discovery of the issue, some of the other cases of the finished product involving the implicated lot of San Saba pecan pieces had already been distributed to Give & Go's customers. After receiving customer complaints involving pecan weevil larvae in finished product made from at least one San Saba lot number, Give & Go recalled much of its products.

In October 2017, Give & Go filed suit against San Saba and another supplier of pecan pieces for breach of contract, money had and received, negligence, and violations of the Texas Deceptive Trade Practices Act. In response, San Saba filed a motion to transfer venue from Dallas County to San Saba County, which the trial court later denied in May 2018.

In December 2018, San Saba filed a motion to compel arbitration pursuant to Condition 11, in which it argued that "[b]y excepting quality disputes from the Dallas, Texas location, the provision specifically allows quality dispute arbitration to occur at other locations . . . where more is known about the pecan industry." On January 10, 2019, Give & Go filed its first amended petition against San Saba, which eliminated its claim for violations of the DTPA and added claims for gross negligence, breach of express warranty, breach of implied warranty of merchantability, breach of implied warranty of fitness, common-law fraud, fraud by nondisclosure, negligent misrepresentation, and strict liability. On January 2, 2019, the trial court conducted a hearing on the motion to compel. On January 28, 2019, the trial court signed an order denying the motion to

compel without any separate findings of fact or conclusions of law. San Saba timely requested findings of fact and conclusions of law, but the trial court did not file any.

## ANALYSIS

A trial court's determinations of whether a claim falls within the scope of an arbitration agreement and whether a party waived its right to arbitrate are questions of law, which we review de novo. *See Henry v. Cash Biz, LP*, 551 S.W.3d 111, 115 (Tex. 2018).

The Federal Arbitration Act ("FAA") generally governs arbitration provisions in contracts involving interstate commerce as is the case here. *See In re Rubiola*, 334 S.W.3d 220, 223 (Tex. 2011). A party seeking to compel arbitration under the FAA must establish that (1) there is a valid arbitration clause, and (2) the claims in dispute fall within that agreement's scope. *Id.*

In its third issue, San Saba argues the claims fall within the arbitration provision's scope.[1] In deciding questions of scope, we focus on the factual allegations and not on the legal causes of action asserted. *See Henry*, 551 S.W.3d at 115. In determining whether parties have agreed to arbitrate a certain matter under the FAA, we apply the contract law of the particular state that governs the agreement. *See Tittle v. Enron Corp.*, 463 F.3d 410, 419 (5th Cir. 2006) (citations omitted). In Texas, contract terms are given their plain, ordinary, and generally accepted meanings unless the contract itself shows them to be used in a technical or different sense. *See Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 662 (Tex. 2005).

Give & Go's original and amended petitions allege San Saba supplied Give & Go with pecan pieces containing weevil larvae, such that the supplied pecan pieces were not merchantable and were unfit for human consumption in violation of the agreements between the parties. Give & Go alleges that because San Saba failed to provide pecan pieces fit for human consumption, San

---

[1] The parties dispute whether they entered into a valid arbitration agreement, and that question is San Saba's first issue. However, because we do not find that the claims fall within the scope of the arbitration agreement and are excepted from arbitration, we may assume without deciding that a valid arbitration agreement exists. *See* TEX. R. APP. P. 47.4.

Saba now holds money that belongs to Give & Go in equity and good conscience. Further, Give & Go alleges San Saba failed to exercise reasonable care in the handling, processing, inspection, and packing of the pecan pieces. Give & Go alleges San Saba made misrepresentations about the quality and characteristics of the pecan pieces by representing they were selling pecan pieces that were merchantable and fit for use in finished products intended for human consumption. Give & Go also alleges San Saba failed to disclose that they were selling pecan pieces contaminated with pecan weevil larvae. Finally, Give & Go alleges the pecan pieces supplied by San Saba were defective and lacked adequate warnings and notices that they may be contaminated with pecan weevil larvae.

The arbitration provision, Condition 11, provided as follows:

This Agreement and the determinations and enforcement of all rights and duties of the parties hereunder shall be governed and construed in accordance with the laws of the State of Texas, including the Texas Uniform Commercial Code, as effective and in force on the date of this Agreement, and any and all claims and disputes hereunder, except as otherwise specifically provided herein, shall be resolved only in the federal or state courts of Texas. **All disputes, claims, or controversies arising out of or relating to this Agreement, or the breach thereof, *except as to the quality of the product delivered*, shall be settled solely by arbitration held in Dallas, Texas, in accordance with the rules then obtaining of the American Arbitration Association, and judgment upon any award may be entered in any court having jurisdiction thereof.** Any action for breach of this Agreement must be commenced within one (1) year after the cause of action has accrued.

(emphasis added).

The provision thus carves out an exception for "disputes, claims or controversies . . . as to the quality of the product delivered . . . ." All of Give & Go's allegations concern whether the pecan pieces San Saba sold contained pecan weevil larvae so that they were not merchantable and were unfit for human consumption. Thus, Give & Go's allegations fall squarely within the plain language of the exception to the arbitration provision. We overrule San Saba's third issue.

–4–

In its second issue, San Saba urges the trial court failed to consider and give effect to every provision in the invoice containing Condition 11. Specifically, San Saba points to Condition 7, which provides for notice of quality concerns and defines what "quality" means.

> Notice of rejection on the account of quality and request for inspection must be made within forty-eight (48) hours after arrival of goods at destination (Sunday and legal holidays excepted), and if not so made, the delivery shall be considered good delivery and the product so delivered shall be conclusively presumed to satisfy the standards of quality set forth herein and be fit for human consumption. **Quality is to equal or better than U.S.D.A. Grades and Standards. If sold on approval of sample, shipment is to be equal to or better than sample.**

(emphasis added). San Saba complains that allowing Give & Go's claims to be interpreted as excepted from arbitration gives no meaning to Condition 7 because it allows Give & Go to proceed on a dispute regarding quality without requiring Give & Go to take the steps required above, including notifying San Saba of rejection in a timely fashion and requesting an inspection.

Under Texas law, a court construing a contract must read that contract in a manner that confers meaning to all of its terms, rendering the contract's terms consistent with one another. *See Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983). In doing so, we examine and consider the entire writing in an effort to harmonize and give effect to all the provisions of the contract so that none will be rendered meaningless. *See id.* (citing). No single provision taken alone will be given controlling effect; rather, all the provisions must be considered with reference to the whole instrument. *See id.*

San Saba urges that Condition 7 "defines quality" such that the allegations raised by Give & Go must address that definition in order to exclude this dispute from arbitration. San Saba notes that none of Give & Go's allegations address whether the complained-of shipments complied with U.S.D.A. Grades and Standards and thus cannot be said to be quality disputes excluded from arbitration. Condition 7 states that the product sold must be equal to or better than U.S.D.A Grades and Standards but also provides that if the shipment is sold on sample, the shipment must be equal

to or better than the sample thus providing another potential "definition" of quality. Thus, "quality" is not defined as strictly as San Saba argues. San Saba also complains that Give & Go failed to comply with Condition 7's rejection and inspection requirements such that quality must be presumed and thus any dispute cannot be regarding quality. We find this argument unpersuasive.

Condition 7 is not rendered meaningless by concluding Give & Go's claims represent disputes regarding the quality of products delivered. Instead, Condition 7 provides San Saba with a potential substantive defense to raise against Give & Go's claims. *See, e.g.*, *Cheung-Loon, LLC v. Cergon, Inc.*, 392 S.W.3d 738, 745 (Tex. App.—Dallas 2012, no pet.) (affirmative defense of condition precedent).

We overrule San Saba's second issue.

In light of our resolution of San Saba's second and third issues, we pretermit any discussion of its first, fourth, or fifth issues.[2]

**CONCLUSION**

We affirm the trial court's order denying San Saba's motion to compel arbitration.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

190214F.P05

---

[2] In its first issue, San Saba urges the existence of a valid arbitration agreement between itself and Give & Go. In its fourth issue, San Saba urges that it did not substantially invoke the judicial process or otherwise waive arbitration. In its fifth issue, San Saba argues Give & Go failed to establish a defense to enforcement of the arbitration agreement.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SAN SABA PECAN, LP, Appellant

No. 05-19-00214-CV      V.

GIVE AND GO PREPARED FOODS
CORP, Appellee

On Appeal from the 101st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-17-13535.
Opinion delivered by Justice Schenck.
Justices Whitehill and Osborne
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee GIVE AND GO PREPARED FOODS CORP recover its
costs of this appeal from appellant SAN SABA PECAN, LP.

Judgment entered this 6th day of December, 2019.